UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOH JAXEHT ALFONSO DIAZ DURAN (A# 246-151-531),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-CV-08106 DC SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of Venezuela who entered the United States at the Paso del Norte (Texas) Port of Entry on October 1, 2022. ECF No. 5-1 at 2 (Form I-213). Officials issued Petitioner a Notice to Appear ("NTA") administratively charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (noncitizen not on possession of valid entry document) and granted him humanitarian parole. Id. Petitioner has an approved employment authorization (Form I-765) and a pending application for asylum and withholding of removal (Form I-589). Id.

On August 27, 2026, Immigrations and Custom Enforcement ("ICE") agents encountered Petitioner at the Bay County Jail in Panama City, Florida, after Petitioner was arrested "under the

State of Florida's Basic Ordering Agreement (BOA) program."[1] ECF No. 5-1 at 2. Petitioner requested but subsequently withdrew his request for custody redetermination. ECF No. 5-5. On September 14, 2026, an immigration judge denied bond on grounds that Petitioner was no longer within the jurisdiction of the Orlando Immigration Court. ECF No. 5-6. Petitioner is currently detained at the California City Detention Center within this judicial district. ECF No. 1 at 1.

Petitioner filed his petition on October 2, 2026. ECF No. 1. He states that officers arrested him at his home on August 26, 2026, after he returned from work. Id. at 8. The petition challenges his arrest without pre-deprivation hearing under the Due Process Clause of the Fifth Amendment (Count One). Id. at 6. Respondent filed a short response to the petition that states in full: "Respondents maintain the position that 8 U.S.C. § 1225(b)(2)(A) governs here. Respondents acknowledge, however, that Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), holds that § 1226(a) governs Petitioner's detention." ECF No. 5 at 1.

**II. Analysis**

While Respondent concedes 8 U.S.C. § 1226(a) governs Petitioner's detention, he appears to be subject to § 1225(b) by virtue of his inspection at the border in October 2022 and subsequent release on humanitarian parole. See Jennings v. Rodriguez, 583 U.S. 281, 288 (2018) ("Regardless of which of [§ 1225(b)(1) or (b)(2)] authorizes their detention, applicants for admission may be temporarily released on parole "for urgent humanitarian reasons or significant public benefit.") (citing 8 U.S.C. § 1182(d)(5)(A)). Respondent does not identify any changed circumstances or other basis for Petitioner's August 2026 arrest pursuant to Florida's BOA program. There does not appear to be a new encounter with local law enforcement, as Petitioner's criminal history consists of a single December 2023 arrest for forgery and shoplifting where the charges were dismissed. See ECF No. 5-1 at 2.

The District Judge assigned to this case has found that in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the Due Process Clause

[1] This is apparently a partnership between Florida's Sheriffs and ICE.

requires that it provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. See Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563, at *6-*7 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Pursuant to these authorities, the undersigned finds that Petitioner acquired a protected liberty interest from his release on parole and was entitled to pre-deprivation hearing before his arrest. As Respondents have not identified any exigent circumstances or other basis to limit the due process remedy, the undersigned recommends the petition be granted and Respondent be ordered to immediately release Petitioner.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED on Count One (Violation of the Due Process Clause).[2]

2. Respondent be ordered to immediately release Petitioner JOH JAXEHT ALFONSO DIAZ DURAN (A# 246-151-531) from their custody and to return all of Petitioner's documents and possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

[2] In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve a copy of any release order on the California City Detention Facility; and,

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE